## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-124 PA (PJWx) | Date | January 15, 2015 |
|---|---|---|---|
| Title | Natividad Ausencio v. LVI Services, Inc., et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a Notice of Removal filed by defendants LVI Serices, Inc. and Northstar Group Holdings, LLC (collectively "Defendants").  Defendants allege that this Court possesses diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) over the putative class action commenced by plaintiff Natividad Ausencio ("Plaintiff") on behalf of himself and a class of similarly situated individuals for purported wage and hour claims.  Plaintiff originally filed his Complaint in Los Angeles Superior Court on September 26, 2014.  According to the Notice of Removal, Defendants were served with the Summons and Complaint on December 8, 2014.  Defendants filed their Notice of Removal on January 7, 2015.

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court.  28 U.S.C. §1441.  The removal statutes are construed restrictively, so as to limit removal jurisdiction.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214, 1219 (1941); see also Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).  The district court must remand the case if, before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. §1447(c).  There is a "strong presumption" against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5 million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100.  28 U.S.C. §§ 1332(d)(2), (d)(5).  The amount in controversy requirement excludes only "interest and costs"; thus attorneys' fees are included in the calculation of the amount in controversy.  28 U.S.C. § 1332(a); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-124 PA (PJWx) | Date | January 15, 2015 |
|---|---|---|---|
| Title | Natividad Ausencio v. LVI Services, Inc., et al. | | |

"[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego, 443 F.3d at 685. Thus, Defendants bear the burden to establish that this Court has jurisdiction over Plaintiff's claims. Jurisdiction cannot be based on speculation. See Lowdermilk v. U.S. Bank Nat'l Assoc., 479 F.3d 994, 1002 (9th Cir. 2007), overruled on other grounds by Rodriguez v. AT&T Mobility Servs., LLC, 728 F.3d 975, 977, 980 (9th Cir. 2013). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090-91. A plaintiff seeking to represent a putative class can not evade federal jurisdiction by stipulating that the amount in controversy falls below the jurisdictional minimum. Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1350, 185 L. Ed. 2d 439 (2013). The Ninth Circuit recently held that Standard Fire has so undermined the reasoning of Lowdermilk that the latter has been effectively overruled. Therefore, a defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. Rodriguez, 728 F.3d at 981.

"[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra v. Manheim Invs., Inc., __ F.3d __, No. 14-56779, 2014 WL 7495131, at *3 (9th Cir. Jan. 8, 2015); see also id. ("[I]f a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing the amount in controversy exceeds $5 million, to satisfy the other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one."). Where there is a challenge to a removing defendant's assertion that the amount in controversy is satisfied, "a damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." Id. at *5.

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in plaintiff's favor on all of the claims in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); see also Rippee v. Boston Mkt. Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The contents of the notice of removal and supplemental evidence provided after the removal petition has been filed may be considered to determine whether the defendant has adequately shown that the amount in controversy has been met. See Abrego, 443 F.3d at 690; Cohn v. Petsmart, Inc., 281 F. 3d 837, 840, 840 n.1 (9th Cir. 2002). A court may also "consider any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Valdez, 372 F.3d at 1117 (quoting Matheson, 319 F.3d at 1090).

The only named defendants in Plaintiff's Complaint are LVI Services, Inc. and Northstar Group Holdings, LLC. Plaintiff seeks to represent a class consisting of: "Any and all persons who have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-124 PA (PJWx) | Date | January 15, 2015 |
|---|---|---|---|
| Title | Natividad Ausencio v. LVI Services, Inc., et al. | | |

employed by Defendants as hourly-paid employees in California at any time from September 25, 2010 to the date of class certification, or as ordered by the Court." The Complaint estimates that the class consists of approximately 2,000 members. According to the Notice of Removal, Defendants "deny that they employed Plaintiff or any of the putative class members . . . but rely upon the allegation [of the number of class members] for the purposes of removal." In support of their Notice of Removal, Defendants have submitted the Declaration of Kamal Sookram. According to Mr. Sookram, who is a Vice President of Administration for NorthStar Group Services, Inc.,[1/] "Defendant LVI Services, Inc. and Defendant NorthStar Group Holdings, LLC[2/] have never employed Plaintiff or any of the putative class members."

Multiplying any estimated value for purported wage and hour violations, based on reasonable assumptions, committed by Defendants would result in an amount in controversy of $0.00 because, according to the evidence submitted by Defendants in support of their Notice of Removal, the class size of employees employed by them in California is zero. In an attempt to satisfy the amount in controversy requirement, Defendants do not rely on the zero employees they contend to have employed in California, but on 891 employees employed by TEG/LVI Environmental Services, Inc., LVI Environmental Services, Inc., NCM Contracting Group, LP, and NCM Demolition and Remediation, LP (collectively "LVI Environmental Services Companies"). None of the LVI Environmental Services Companies are named defendants in Plaintiff's Complaint. According to Mr. Sookram, defendant LVI Services, Inc. (now NorthStar Group Services, Inc.) is the parent company of each of the four companies that together constitute the LVI Environmental Services Companies.

Importantly, the Complaint, Notice of Removal, and the evidence in support of the Notice of Removal do not allege, or provide any basis for treating the employees of the LVI Environmental Services Companies as Defendants' employees for purposes of determining the amount in controversy.

---

[1/] According to Mr. Sookram, defendant NorthStar Group Services, Inc. is the current name of defendant LVI Services, Inc.

[2/] The Court notes that the Notice of Removal has not properly alleged the citizenship of NorthStar Group Holdings, LLC. Specifically, although acknowledging that the citizenship of a limited liability company is the citizenship of its members, the Notice of Removal only alleges that the two members of NorthStar Group Holdings, LLC are NCM Group Holdings, LLC and LVI Group Investments, LLC "which are duly organized and validly existing under and pursuant to the laws of the state of Delaware." To the extent that the members of NorthStar Group Holdings, LLC are themselves limited liability companies, Defendants must allege the citizenship of the members of NCM Group Holdings, LLC and LVI Group Investments, LLC, and if any of the members of those entities are themselves LLC, then the Notice of Removal must properly allege their citizenship, as well. Defendants' failure to properly allege the citizenship of NorthStar Group Holdings, LLC makes it impossible for the Court and Plaintiff to determine if CAFA's local controversy exceptions apply. See 28 U.S.C. § 1332(d)(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-124 PA (PJWx) | Date | January 15, 2015 |
|---|---|---|---|
| Title | Natividad Ausencio v. LVI Services, Inc., et al. | | |

Defendants have not provided any support for why the employees of separate companies that it distinguishes from Defendants, and which Defendants contend are not their employees, should nevertheless be regarded as their employees for purposes of calculating the amount in controversy. In this way, Defendants have not supported the amount in controversy with "a chain of reasoning that includes assumptions" with "some reasonable ground underlying" those assumptions. Ibarra, 2014 WL 7495131, at *5. Instead, and in light of the general rule that parent companies are not liable for the actions of their subsidiaries, Defendants' use of the employees of its subsidiaries to satisfy CAFA's amount in controversy requirements is insufficient to meet the removing party's burden to establish the Court's jurisdiction. See United States v. Bestfoods, 524 U.S. 51, 61, 118 S. Ct. 1876, 1884, 141 L. Ed. 2d 43 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.").

    As the Ninth Circuit has explained, in actions removed pursuant to CAFA, a plaintiff may challenge a defendant's assertion of the amount in controversy. Once a plaintiff challenges a defendant's assertion, "both sides submit proof and the court then decides where the preponderance lies. Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Ibarra, 2014 WL 7495131, at *3.

    If Plaintiff wishes to waive his objections to whether Defendants' allegations concerning the amount in controversy are sufficient, Plaintiff must file a Notice of Waiver of Challenge to Amount in Controversy by no later than January 20, 2015. Should Plaintiff desire to return to Los Angeles Superior Court, Plaintiff is not required to file a response to this Order.[3/] If Plaintiff does not file a Notice of Waiver of Challenge to Amount in Controversy by January 20, 2015, the Court shall conclude that Plaintiff in fact challenges the sufficiency of Defendants' allegations concerning the amount in controversy. Defendants shall then have until January 26, 2015, to file a response to this Order. Additionally, to determine if CAFA's local controversy exceptions apply, Defendants shall, no later than January 20, 2015, file with the Court evidence properly establishing the citizenship of NorthStar Group Holdings, LLC.

    IT IS SO ORDERED.

---

[3/]    Nothing in this Order precludes Plaintiff from filing a timely Motion to Remand on the grounds raised in this Order or any other grounds Plaintiff may wish to raise.